UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA LONGSTREET, | ) | Case No.: 1:14 CV 2619 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| INDUSTRIAL COMMISSION OF OHIO, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant. | ) | AND ORDER |

*Pro se* Plaintiff Lisa Longstreet filed this action under the Americans with Disabilities Act, 42 U.S.C. §12101 ("ADA"), against her employer, the Industrial Commission of Ohio. In the Complaint, Plaintiff asserts that the Defendant denied her request for a reasonable accommodation in violation of the ADA. She does not specify the relief she seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

**Background**

Plaintiff's Complaint is very brief. It states in its entirety:

> Total denial of requested accommodations listed as reasonable within the Americans with Disabilities Act and acknowledged by IC within employment policies. IC has also denied me the opportunity to benefit from accommodations provided to co-workers applicable to all IC employees as stated with their employment policy whenever the reason for the req. was related to conditions certified under FMLA past and present as well as recognized specifically within the

Americans with Disabilities [Act].

(ECF No. 1 at 1).

While the Complaint does not contain any additional information, it appears from Plaintiff's Application to Proceed *In Forma Pauperis* that she is still employed by the Defendant. She also attaches the decision of the Equal Employment Opportunity Commission ("EEOC"), which provides the following information:

> You allege that you were discriminated against due to your disability and retaliated against for having filed previous charges against Respondent; however, the evidence fails to substantiate your allegations. Specifically, the evidence shows that Respondent has been aware of your disability for many years and has worked with you when you either had to report off work or adjust your schedule for issues related to your medical condition as well as at least two of your immediate family member's. [sic] The evidence also shows that you were disciplined for legitimate nondiscriminatory reasons.

(ECF No. 1-1 at 1).

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992);

2

*Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**Analysis**

Under the ADA, employers are prohibited from discriminating against a "qualified individual with a disability" because of his or her disability in employment matters, such as hiring, advancement, and discharge. *Regan v. Faurecia Auto Seating, Inc.*, 679 F.3d 475, 479 (6th Cir.

2012). A "qualified individual with a disability" is an individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds[.]" 42 U.S.C. § 12111(8). Both "disability" and "qualified individual" require further definition. Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A). "Major life activities" include, among others, "walking," "lifting," and "bending." 42 U.S.C. § 12102(2)(A). An individual is "otherwise qualified" for a position when that individual "can perform the essential functions[,]" or "fundamental job duties" of the position. 42 U.S.C. § 12111(8); *Johnson v. Cleveland City School Dist.*, No. 10-3267, 2011 WL 5526465, at *8 (6th Cir. Nov. 15, 2011); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 456 (6th Cir. 2004).

Plaintiff contends her employer refused her request for a reasonable accommodation. An employer discriminates against an otherwise qualified individual on the basis of a disability when the employer does not make "reasonable accommodations to the known physical or mental limitations" of the individual unless the employer can demonstrate that the accommodation would "impose an undue hardship on the operation" of its business. 42 U.S.C. § 12112(b)(5)(A). A failure to accommodate claim "unavoidably 'involve[s] direct evidence (the failure to accommodate) of discrimination' because the employer necessarily relied on the worker's disability in making decisions." *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868-69 (6th Cir. 2007). Plaintiff therefore bears the burden of showing that she "(1) has a disability, and (2) is otherwise qualified for the position, either (a) without accommodation from the employer; (b) with an alleged essential job requirement eliminated; or (c) with a proposed reasonable accommodation." *Id.* at 869.

Plaintiff also must establish that she "requested and was denied" a reasonable

4

accommodation. *Burns v. Coca-Cola Enterprises, Inc.*, 222 F.3d 247, 258-59 (6th Cir. 2000). Plaintiff's burden includes showing both that she proposed an accommodation and that the proposed accommodation was reasonable. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202 (6th Cir. 2010) (citation omitted). The employer has no duty to provide a reasonable accommodation until Plaintiff requests one. *Breitfelder v. Leis*, No. 04-4364, 2005 WL 2470996, at *6 (6th Cir. Oct. 7, 2005)(no failure to accommodate when Plaintiff remained silent). To properly request a reasonable accommodation, Plaintiff need not use any "magic words," like accommodation, disability, or ADA; however, she must tie the request, in context, to her existing medical restrictions. *Smith v. Henderson*, 376 F.3d 529, 535 (6th Cir. 2004)).

In this case, Plaintiff's claim fails at the outset because she provides no information about her disability. In fact, she does not allege in her Complaint that she has a disability. She cites the ADA as the legal basis for her claim, but she does not give any indication of why this statute would be applicable to her case. The EEOC decision attached to her Complaint suggests she has a disability but does not specify what that disability might be. While Plaintiff is not required at this stage to establish to a legal certainty that she is disabled under the ADA, she must allege enough facts to allow the court to draw the reasonable inference that she is disabled as defined by the statute. *Iqbal*, 556 U.S. at 678.

Furthermore, Plaintiff does not allege what accommodation she requested from her employer. She states only that it was related to a Family Medical Leave Act ("FMLA") request. In her *In Forma Pauperis* Application, she indicates she had to take FMLA to care for her father, who recently died, and her mother, who is disabled. Her EEOC decision indicates, without elaboration, that her employer has been aware of her disability for many years and worked with her when she

5

needed to report off from work or adjust her schedule for issues related to her medical condition, and the medical conditions of her family members. The decision does not shed any light on the type of accommodation she requested or the employer's response to her request.

The EEOC decision also states that Plaintiff was disciplined for non-discriminatory reasons. In the body of her Complaint, Plaintiff gives no indication to the court that she is pursuing a claim against her employer based on disciplinary actions taken against her in violation of the ADA. Neither the Complaint nor the decision indicate what disciplinary measures were taken against her. It appears Plaintiff is still employed at the Industrial Commission, which suggests she was not terminated from her position.

The court is aware that Plaintiff is not required to plead her ADA claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The Sixth Circuit explored the scope of *Twombly* and *Iqbal* noting that "even though a Complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Plaintiff's Complaint never rises above the speculative level. The court is left to guess the nature of the disability she alleges, what accommodation she requested, how her employer responded to her request, why she was disciplined or how she was disciplined. Plaintiff's vague allegations do not cross the threshold from a claim is that possible to a claim that is plausible under the ADA. Her ADA claims are not supported by enough facts to meet the basic pleading requirements of Federal Civil Procedure Rule

6

8.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is hereby dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.<br>CHIEF JUDGE<br>UNITED STATES DISTRICT COURT

May 12, 2015

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

7